**SO ORDERED.**

**SIGNED January 19, 2011.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:


KENNETH PAUL DAIGLE,                      CASE NO. 09-50144

    Debtor                                Chapter 7

------------------------------------------------------------
                     MEMORANDUM RULING
------------------------------------------------------------
```

The present matter before the court is a motion to employ counsel under 11 U.S.C. §327(e) filed by the duly appointed Chapter 7 trustee, Elizabeth Andrus (the "Trustee"). The Trustee seeks to employ H. Kent Aguillard and Charles G. Fitzgerald as special counsel to the Trustee. Aguillard and Fitzgerald represent Kenneth Paul Daigle (the "Debtor"). The case was originally filed as a case under Chapter 13 and was later converted to a case under Chapter 7. Fitzgerald, who specializes in Louisiana matrimonial regimes, had represented the Debtor prior to filing bankruptcy.

Kim Daigle, the Debtor's former spouse and a creditor in this case, opposes the application.

The Trustee's application requires some background. The Debtor and Kim Daigle entered into a Partition of Community Property Agreement while married (the "Partition Agreement"). The Partition Agreement was judicially approved in a judgment entered in October 2002 by the 15th Judicial District Court (the "October 2002 Judgment"). The Daigles subsequently divorced and Debtor filed suit in the 15th Judicial District Court seeking to annul the Partition Agreement. The district court subsequently ruled that the Partition Agreement and the 2002 Judgment were valid and enforceable. The court's judgment was affirmed on appeal and the Louisiana Supreme Court denied review in February 2007.

In February 2009, Debtor filed for relief under Chapter 13 of the Bankruptcy Code. Debtor's original bankruptcy schedules list approximately $50,000 of secured claims, $9,500 of unsecured priority claims, and $4,772 of unsecured non-priority claims. Debtor listed a claim for Kim Daigle, but stated that the amount of the claim was unknown. Debtor's schedules also list $1,272,206 of personal property. The standing Chapter 13 trustee moved to dismiss the case under 11 U.S.C. § 109(e) on the grounds of eligibility when he learned that Kim Daigle's unsecured claim based on the Partition Agreement and 2002 Judgment exceeded $1 million.

-2-

Kim Daigle joined in the motion to dismiss and also argued that Debtor was acting in bad faith because he failed to disclose additional assets and was attempting to use the bankruptcy for the sole purpose of attacking the 2002 Judgment.[1] The court found that Debtor was not eligible under section 109(e).  In light of the allegations that Debtor had failed to disclose assets and the court's concern over Debtor's motives in filing the bankruptcy case, the court ordered that the case be converted to a case under Chapter 7. Following the conversion, the Trustee filed the instant motion.

A trustee may employ an attorney who has also represented the debtor, but the engagement must be for a special purpose other than representing the trustee in conducting the case.  11 U.S.C. §327(e).  While counsel retained under Section 327(e) need not meet the "disinterestedness" standard of 11 U.S.C. § 327(a), the trustee must demonstrate (1) that the proposed counsel "does not represent or hold any interest adverse to the debtor or to the estate" with respect to the matter for which counsel is to be employed, and (2) that retention of the proposed counsel is "in the best interest of the estate."  11 U.S.C. §327(e).  A lawyer possesses or represents an interest adverse to the estate, "if it is plausible that the

---

[1] Debtor's proposed Chapter 13 plan included a provision stating that confirmation of the plan would constitute a "revocation" of the Partition Agreement and that the 2002 Judgment was a "nullity."

-3-

representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation ...." In re Leslie Fay Cos., 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994). Strict application of this standard is necessary to ensure that any counsel employed by the trustee is free of any conflict that **"*might*** affect the performance of their services or which ***might*** impair the high degree of impartiality and detached judgment expected of them during the administration of a case." In re Amdura Corp., 121 B.R. 862, 865 (Bankr. D. Colo. 1990) (quoting Collier on Bankruptcy ¶ 327.03 (1985)) (emphasis added).

Turning to the case at hand, the Trustee seeks to retain Aguillard and Fitzgerald to provide legal services "with respect to the estate's interest in property formerly belonging to the community that existed between the Debtor and his former spouse and also to pursue recovery of any amounts to which the estate is entitled." Trustee's Application at 1. Based on the arguments during the hearing on the Trustee's application and the earlier hearing on the Chapter 13 Trustee's motion to dismiss, it appears that Aguillard and Fitzgerald will investigate whether the Partition Agreement and 2002 Judgment can be challenged by the Trustee based on Debtor's representation that he and his ex-spouse executed the agreement with the intent to defraud their creditors.

In other words, Aguillard and Fitzgerald would be taking the position on behalf of the Trustee and the estate that their other client – Kenneth Daigle – committed fraud. Given the implications of a fraud finding, this presents a clear conflict between Aguillard's and Fitzgerald's duties to Daigle on the one hand and their duties to the estate on the other hand. See West Delta Oil Co., Inc., 432 F.3d 347, 355 (5th Cir. 2005) (attorneys engaged in the conduct of a bankruptcy case "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.") Moreover, given the Trustee's proposed retention of Aguillard and Fitzgerald to pursue recovery of "any amounts to which the estate is entitled," the interests of Debtor and the estate may also diverge in light of allegations that Debtor failed to disclose assets.

Aguillard and Fitzgerald cannot overcome this apparent conflict by arguing that the estate and Debtor share the same goal to invalidate the Partition Agreement. This argument troubles the court because it reinforces the court's suspicion that the primary beneficiary of any attack on the Partition Agreement is really Kenneth Daigle and not the estate. Apart from Kim Daigle's $1.4 million claim, there is only approximately $9,000 of unsecured claims filed in this case. Accordingly, any benefit from a

-5-

successful challenge to the Partition Agreement will inure almost entirely to Debtor, not the estate. Indeed, the Trustee may have other avenues available to recover assets on behalf of the estate, including an investigation of whether Debtor has fully disclosed assets. Aguillard and Fitzgerald can offer no assistance to the Trustee with respect to investigating and recovering undisclosed assets because the interests of the estate and Debtor would be clearly adverse. Moreover, allowing Debtor to essentially use the bankruptcy court to accomplish what he could not accomplish in state court based on his own admission that he participated in a scheme to defraud his creditors flouts the Supreme Court's time-honored maxim that the benefits and protections of the Bankruptcy Code are reserved for the "honest but unfortunate debtor." Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934).

In sum, the court is well aware of the qualifications of Mr. Aguillard and Mr. Fitzgerald. Both attorneys are well qualified in their areas of expertise, and both provide their clients with exceptional and vigorous representation. However, the court cannot grant the Trustee's application to employ Aguillard and Fitzgerald under Section 327(e) based on the record before the court for reasons explained herein. The Trustee's application is therefore **DENIED.**

**IT IS SO ORDERED.**

###

-6-

09-50144 - #76  File 01/19/11  Enter 01/20/11 09:56:51  Main Document  Pg 6 of 6